IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-199 |
| | * | |
| ALLISON JONTIL BARNES | * | |

O R D E R

Presently before the Court is Defendant Allison Jontil Barnes's motion for credit toward her federal sentence for "hard time" served at FCI Aliceville, in Aliceville, Alabama. In essence, Defendant contends that the lockdown status of the prison since the onset of the COVID-19 pandemic has been so onerous that she should be awarded credit of two days for every one day she serves in custody. Defendant cites no statutory authority for such relief. The Government moves to dismiss the motion for failure to exhaust administrative remedies and for failing to bring the matter in the appropriate federal court.

The authority of a district court to modify a criminal sentence once it has been imposed is narrowly limited by 18 U.S.C. § 3582(c). Section 3582(c) provides three exceptions however. Under the first exception, a court may entertain a motion filed for compassionate release warranted by extraordinary and compelling circumstances. 18 U.S.C. § 3582(c)(1)(A). That is to say, a defendant may move a federal district court for

compassionate release under § 3582(c)(1)(A), but only "after [s]he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Defendant does not show that she has exhausted her administrative remedies; thus, the Court will not consider her motion under § 3582(c)(1)(A).

Defendant makes no argument or showing that she is entitled to relief under the other two statutory exceptions either. The second exception references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. The third exception allows a court to reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18 U.S.C. § 3582(c)(2).

Moreover, matters concerning length of sentence determinations are better directed to the BOP, not this Court. Any judicial challenge to the BOP's determination must be brought under 28 U.S.C. § 2241 and is subject to administrative exhaustion requirements. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("The [administrative] exhaustion requirement is still

a requirement, it's just not a jurisdictional one."); Davis v. Warden, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016) (noting that to properly exhaust administrative remedies, a § 2241 petitioner must comply with the BOP's deadlines and procedural rules). Again, Defendant has not shown that she has exhausted her administrative remedies. Besides, after she exhausts her administrative remedies with the BOP, she must bring her § 2241 petition in the district of her confinement, i.e., in the Northern District of Alabama. See Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991).

Finally, to the extent that Defendant challenges the conditions of her confinement, she must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983 in the district of her confinement.

Upon the foregoing, the Government's motion to dismiss Defendant Barnes's motion (doc. no. 311) is **GRANTED**. The Clerk is directed to **TERMINATE** the Defendant Barnes's motion for credit for time served (doc. no. 310).

**ORDER ENTERED** at Augusta, Georgia, this 13th day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE