IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-199-2 |
| | * | |
| ALLISON JONTIL BARNES | * | |

ORDER

Presently before the Court is Defendant Allison Jontil Barnes's second motion for compassionate release. The compassionate release provision imposes three conditions on granting a sentence reduction: the existence of extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A), adherence to applicable Policy Statement § 1B1.13 of the United States Sentencing Commission (including a finding that the defendant is not a danger to the community), and support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

On July 27, 2020, the Court denied a prior motion for compassionate release, concluding that even if Defendant's medical conditions of hypertension, severe obesity and tuberculosis constituted extraordinary and compelling circumstances warranting early release, the § 3553(a) sentencing factors mitigated against release. (Doc. No. 302.) The Court also could not conclude "with any amount of certainty" that Defendant does not pose a danger to the community. (Id.) The Eleventh Circuit Court of Appeals affirmed this decision. (Doc. No. 313.)

Through her present motion, Defendant's medical status is unchanged except that, and significantly so, she has had an asymptomatic bout with COVID-19 and she has been fully vaccinated. (See Gov't Resp. in Opp'n, Doc. No. 318, at 13-16 & Ex. A.)[1] Previously, the Court assumed for purposes of argument that Defendant's medical conditions constituted extraordinary and compelling circumstances. To clarify, upon review of Defendant's medical records and the relevant law governing compassionate release motions based upon medical status, the Court concludes here that Defendant's medical conditions, even in the aggregate, do not constitute extraordinary and compelling circumstances. The application note to U.S.S.G. § 1B1.13 provides that to qualify the medical condition must "substantially diminish[] the ability of

---

[1] The Government has moved to seal Defendant's inmate medical records. Upon consideration, the motion to seal Exhibit A to the Government's response brief (doc. no. 319) is **GRANTED**. Exhibit A shall remain sealed until further Order of the Court.

the defendant to provide self-care within" the prison. U.S.S.G. § 1B1.13 n.1(A)(ii). Defendant presents no evidence or argument in this regard. Moreover, her medical records do not show that her bout with COVID-19 approached the level of seriousness § 1B1.13 requires.[2] The Court is also satisfied that vaccination significantly reduces Defendant's risk of further exposure. Finally, the Court has considered the BOP's response to the COVID-19 pandemic generally and the status within Defendant's facility in particular, where the BOP has reported no present active cases of COVID-19. See www.bop.gov/coronavirus (last visited on December 23, 2021). Based upon this record, the Court readily concludes that Defendant's hypertension and severe obesity, both of which are fairly common, and tuberculosis do not uniquely position her to be so adversely affected by COVID-19 that her release is warranted.

Importantly, Defendant's new motion does nothing to challenge the Court's findings related to the statutory sentencing factors or the danger she poses to the community – findings that were affirmed by the Eleventh Circuit. In fact, the Eleventh Circuit recounted the facts of conviction and held: "The district court reasonably concluded that, 'given the nature of the offense,' it could not find that [Defendant] was not a danger to the community."

---

[2] Defendant has the burden of demonstrating her circumstances warrant compassionate release. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021). Defendant has not carried this burden.

(Doc. No. 313, at 5.)  Without this finding, Defendant cannot gain early release under the compassionate release provision.

Upon the foregoing, Defendant Barnes's motion for compassionate release (doc. no. 317) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE

4